# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JIMMIE DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16CV165 SNLJ |
| UNKNOWN DUNCAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee. (Docket No. 5). For the reasons stated below, the Court will assess an initial partial filing fee of $1.50. The Court will also direct plaintiff to file a second amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit stating that he received $7.50 per month in income. Plaintiff also submitted correspondence explaining that he had tried without success to obtain the required certified inmate account statement. He also submitted receipts detailing his purchases from May through September of 2016. These receipts showed that, for four of the five months, plaintiff made purchases totaling less than his stated monthly income. The Court will therefore require plaintiff to pay an initial partial filing fee of $1.50, which is twenty percent of his stated monthly deposit, an amount the Court determines is reasonable based on the financial information on record. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted,

the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against S. Duncan, a correctional officer. Plaintiff alleges that Duncan, in conjunction with other officers, used unnecessary force against him on June 15, 2016, in violation of his Eighth Amendment rights.

## Discussion

First, the amended complaint is not signed. Rule 11(a) of the Federal Rules of Civil Procedure requires that each pleading, written motion, and other paper be signed (in cases such as this one) by the party. Plaintiff is reminded that, when submitting his second amended complaint, he must make sure to sign it. He should also fully complete the complaint form, including the last page.

In addition, the amended complaint is silent regarding whether defendant is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only

official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *see also Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the amended complaint fails to state a claim upon which relief can be granted against defendant.

Finally, in the "Statement of Claim" section of the amended complaint, plaintiff refers to the defendant and to other correctional officers collectively, and he also alleges that "they" committed wrongs against him. (Docket No. 4 at p. 5). The amended complaint therefore fails to state with specificity what it is exactly that the defendant did to harm plaintiff.

Because plaintiff is proceeding pro se, the Court will allow him to file a second amended complaint. **Plaintiff is warned that the filing of a second amended complaint replaces the original and the amended complaint, and so he must include all claims he wishes to bring in the second amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Plaintiff must set forth specific facts showing how each defendant is directly responsible for the alleged harm.**

**In order to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the second amended complaint**. <u>**If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant**</u>.

In the "Caption" section of the second amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should (1) set forth the allegations supporting his

4

claim or claims against that particular defendant, as well as the constitutional right or rights he claims that defendant violated; and (2) state whether the defendant is being sued in his/her individual capacity or official capacity. If plaintiff wishes to sue more than one defendant, he should proceed in the same manner with each one.

The second amended complaint must contain short and plain statements showing that plaintiff is entitled to relief. The allegations must be simple, concise and direct, and the numbered paragraphs must each be limited to a single set of circumstances. No exhibits are to be attached to the second amended complaint.

**Plaintiff must sign the second amended complaint before sending it to the Court**.

Plaintiff is reminded that he is required to submit his second amended complaint on a court-provided form, and the second amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific and actionable allegations against a defendant will result in the dismissal of this case against that defendant. If plaintiff fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 5) is granted.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty days of the date of this Memorandum and Order, plaintiff must submit a second amended complaint in accordance with the instructions set forth above. Plaintiff is cautioned that failure to timely comply with this Memorandum and Order will result in the dismissal of his case.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Order, the Court may dismiss this action without further proceedings.

Dated this 21st day of October, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE