## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-165-SNLJ |
| | ) | |
| SHANE DUNCAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. Plaintiff, an inmate at Southeast Correctional Center, commenced this civil action on June 23, 2016, naming three corrections officers (Officers Bail, Duncan and Convict) as defendants. At that time, however, plaintiff neither paid the filing fee nor moved for leave to proceed *in forma pauperis*, and the Court ordered him to do either no later than September 23, 2016.

Plaintiff did not respond until October 3, 2016. At that time, he filed an amended complaint and a motion for leave to proceed *in forma pauperis*. The motion was accompanied by an affidavit setting forth plaintiff's monthly income and copies of recent receipts, along with a statement that plaintiff had tried unsuccessfully to obtain a certified inmate account statement. The Court granted the motion and assessed an initial partial filing fee of $1.50, and reviewed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court noted that the amended complaint was unsigned, that it failed to specify the capacity in which plaintiff was suing defendant Duncan (who was at that time the only named defendant), and that it failed to state a claim against Duncan because it failed to specify what Duncan did to violate plaintiff's constitutional rights. The Court allowed plaintiff the opportunity to submit a second amended complaint no later than November 21, 2016, and instructed plaintiff that he was required to

specify the capacity in which he intended to sue the defendant(s). The Court also instructed plaintiff to pay the initial partial filing fee within that same period of time.

Plaintiff timely filed a second amended complaint, naming as defendants Shane Duncan, Unknown Bail, and Unknown Convict, all corrections officers. However, plaintiff again failed to specify the capacity in which he intended to sue the defendants, and he also failed to submit the initial partial filing fee. In an order dated November 28, 2016, the Court directed plaintiff to file a supplement to the second amended complaint to specify the capacity in which he intended to sue the defendants. The Court also directed plaintiff to pay the initial partial filing fee. In that Order, the Court explained the necessity of specifying the capacity in which the defendants were being sued, and cautioned plaintiff that his failure to sue a defendant in his or her individual capacity could result in the dismissal of his claims against such defendant without further notice to him. Plaintiff's response was due to the Court no later than December 20, 2016. However, as of the date of this Memorandum and Order, plaintiff has neither responded to the Court, nor sought additional time to do so. Therefore, this action will be dismissed due to plaintiff's failure to prosecute his case and his failure to comply with this Court's November 28, 2016 order. Fed. R. Civ. P. 41(b).

As an alternate basis for dismissal, the Court notes that plaintiff has failed to specify the capacity in which he intends to sue the defendants, despite being cautioned about the consequences of failing to do so, and being given ample opportunity to amend his pleadings. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Plaintiff has made it clear that all of the defendants are corrections officers at Southeast Correctional Center. The Court must therefore construe the complaint as against the

State of Missouri, the governmental entity that employs them. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official); *see also Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. Therefore, the second amended complaint fails to state a claim against any of the defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second amended complaint and all of his causes of action against all of the defendants are **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of December, 2016.

                                          STEPHEN N. LIMBAUGH, JR.
                                          UNITED STATES DISTRICT JUDGE